IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JOSE NELIO SILVESTRE-ORTEGA | CRIMINAL ACTION <br> NO. 15-122 |

**PAPPERT, J.**                                                             **March 6, 2017**

<u>**MEMORANDUM**</u>

  A grand jury indicted Jose Nelio Silvestre-Ortega on March 26, 2015 on one count of knowing and unlawful reentry into the United States under 8 U.S.C. §§ 1326(a) and (b)(2). (ECF No. 1.) On August 5, 2015 Silvestre-Ortega pleaded guilty to the indictment, (ECF No. 17), and on November 12, 2015 the Court sentenced him to 48 months imprisonment, 3 years of supervised release and a special assessment of $100. (ECF No. 20.) The sentence was within the 41–51 month Sentencing Guidelines range, as calculated in the Presentence Report and explained by the Court. Silvestre-Ortega had been previously deported following a conviction for a drug offense, which was then considered a crime of violence. (Silvestre-Ortega Mot., at 1, ECF No. 23.) Silvestre-Ortega now moves *pro se* to reduce his sentence pursuant to 18 U.S.C. § 3582. (*Id.* at 2.) He relies on Amendment 802 to the Sentencing Guidelines, which became effective November 1, 2016. Because Amendment 802 is not retroactive, the Court denies the motion.

**I.**

  The Court generally may not modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduced sentence under to 18 U.S.C. § 3582(c) in limited discretionary circumstances. Section 3582(c)(2) permits a district court to reduce a defendant's

1

sentence where: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Egwuekwe*, ___ F. App'x ___, 2016 WL 4928626, at *1 (3d Cir. 2016) (citing *United States v. Flemming*, 723 F.3d 407, 410 (3d Cir. 2013)).

**II.**

Amendment 802 altered §§ 2L1.1 and 2 of the Sentencing Guidelines. Relevant to Silvestre-Ortega's motion is § 2L1.2, which establishes the base sentencing level and special offense characteristics for "unlawfully entering or remaining in the United States." U.S.S.G. § 2L1.2. After Amendment 802, courts applying § 2L1.2 consider the length of an illegal reentrant's prior sentences rather than the nature of the crimes committed. *See* U.S. SENTENCING GUIDELINES MANUAL, supp. to app. C, at 156–57 (U.S. SENTENCING COMM'N 2016); *see also* (Gov't Resp., at 2, ECF No. 25). As the Government states, if Silvestre-Ortega was sentenced under the amended guidelines, "his total adjusted offense level would have been 13 instead of 21, resulting in a 15–21 month range as opposed to the 41–51 month range he faced." (Gov't Resp., at 2.)

Applying Amendment 802 retroactively would, however, be inconsistent with the applicable policy statements issued by the Sentencing Commission. Policy statement § 1B1.10 addresses reductions in the term of imprisonment as the result of an amendment to the guidelines. Section 1B1.10 permits a sentence reduction "only on the basis of amendments that are made retroactive in . . . § 1B1.10(d)." *Egwuekwe*, 2016 WL 4928626, at *1 (citing *Dillon v. United States*, 560 U.S. 817, 831 (2010)); *see also* U.S.S.G. § 1B1.10(a)(1) ("[When] the guidelines range applicable to [a] defendant has subsequently been lowered as a result of an

amendment to the Guidelines Manual *listed in subsection (d)*, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." (emphasis added)). Section 1B1.10(d) lists the specific amendments that may result in a sentence reduction under 18 U.S.C. § 3582(c)(2). Amendment 802 is not included in that list. *See* U.S.S.G. § 1B1.10(d).

Because the Sentencing Commission opted not to make Amendment 802 retroactive, the Court may not reduce Silvestre-Ortega's sentence under 18 U.S.C. § 3582(c)(2). *See Dillon*, 560 U.S. at 831 ("[Section] 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission."). The motion is denied.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.